JOHN K. FLOCK ESQ. (SBN 200183)
THARPE & HOWELL, LLP
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
Email: jflock@tharpe-howell.com

Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CLAUDIA VALENZUELA, an individual,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation; LOUIS PARKER; and DOES 1 through 50,

Defendants.

Case No.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

TO THE CLERK OF THE ABOVE-ENTILTED COURT:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

**Complete Diversity Exists**

1. This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that states: "any civil action brought in a State court of which the district courts of the

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.     District courts have original have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a)(1).

3.     Plaintiff, Claudia Valenzuela is a citizen of the state of California.

4.     Defendant, Costco Wholesale Corporation was, at the time of the filing of this action, and still is, a citizen of the state of Washington.   Defendant is a Washington corporation with its headquarters and principal place of business in Washington.

5.     Defendant, Louis Parker has not been served or appeared in this action. Those named as defendants but not yet served in the state court action need not join the notice of removal. Northern Ill. Gas Co. v. Airco Industrial Gases (7th Cir. 1982) 676 F2d 270, 272; Destfino v. Reiswig (9th Cir. 2011) 630 F3d 952, 955 (codefendants not properly served need not join).

6.     Thus, a defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal. See Gossmeyer v. McDonald (7th Cir. 1997) 128 F3d 481, 489.

7.     Moreover, defendant, Louis Parker appears to have been named to create a fraudulent joinder. Joinder in the notice of removal is not required by persons named as defendants solely to prevent removal. Chambers v. HSBC Bank USA, N.A. (6th Cir. 2015) 796 F3d 560, 564-565; Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services (5th Cir. 1991) 925 F2d 866, 871.

8.     Therefore, diversity of citizenship exists for purposes of removal of the state court action to this district court.

/ / /

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**<u>Amount in Controversy Exceeds $75,000</u>**

9. Plaintiff's Complaint alleges two causes of action for negligence and premises liability against Defendant. (*See* Plaintiff's Complaint, Case No. 22STCV22758, Superior Court of California, County of Los Angeles, page 3, attached as Exhibit A.)

10. On July 18, 2020, Plaintiff alleges that she slipped and fell while visiting Defendant's store located at 17550 Castelton Street, City of Industry, California and sustained personal injuries. Plaintiff alleges Defendant negligently and carelessly owned, operated, managed, and supervised its employees so as to allow a dangerous condition to exist that resulted in Plaintiff's alleged injuries. (*See* Plaintiff's Complaint, Case No. 22STCV22758, Superior Court of California, County of Los Angeles, page 5, attached as Exhibit A.)

11. Plaintiff alleges she has suffered general damages, medical and incidental expenses, other special and incidental damages, loss of earnings, and loss of earning capacity. (*See* Plaintiffs' Complaint, Case No. 22STCV22758, Superior Court of California, County of Los Angeles, pages 3, attached as Exhibit A.)

12. On April 28, 2021, Plaintiff's counsel served Defendant with a Demand Letter in which he explained that Plaintiff had sustained significant bodily injuries, discussed her medical care, itemized her damages, produced her medical records, and made a demand in the amount of **$130.000.00**. (*See* Plaintiff's Demand Letter dated April 28, 2021 without exhibits, attached as Exhibit B.)

13. The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC § 1446(b)(3). A demand letter qualified as an "other paper." <u>Huffman v. Saul Holdings Ltd. Partnership</u> (10th Cir. 1999) 194 F3d 1072. A settlement demand is relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." <u>Cohn</u>

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

v. Petsmart, Inc. (9th Cir. 2002) 281 F3d 837, 840; Lowery v. Alabama Power Co. (11th Cir. 2007) 483 F3d 1184, 1213, fn. 62.

14. Therefore, Plaintiff alleges damages that far exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

15. On July 14, 2022, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles, as case no. 22STCV22758. (*See* Plaintiff's Complaint attached hereto as Exhibit A.)

16. On July 18, 2022, Plaintiff served the Summons and Complaint on Defendant.

17. This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's initial pleading. 28 U.S.C. § 1446(b).

**Other Requirements for Removal Are Met**

18. Removal of this lawsuit to the United States District Court for the Central District of California, Western Division is proper as the Superior Court of the State of California, County of Los Angeles, where the action was originally filed, is located in this district.

19. Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of Los Angeles, and it has given notice and served this pleading on Plaintiff. (A true and correct copy of the Notice of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit C.)

**Demand for Jury Trial**

20. Separate and apart from removal requirements, counsel for Defendant demands a jury trial.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Dated: August 9, 2022

THARPE & HOWELL, LLP

By: ______________________________
JOHN K. FLOCK
Attorneys for Defendant,
COSTCO WHOLESALE
CORPORATION

- 5 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B)
Demir v. Costco Wholesale Corp.

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/14/2022 01:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
22STCV22758

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Michael Whitaker

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
KRISTOPHER L. PEERALI, SBN 322090; SERENA VARTAZARIAN, SBN 303260
PEERALI LAW
3575 Cahuenga Blvd., Suite 480
Los Angeles, CA 90068

TELEPHONE NO: (818) 688-4050 FAX NO. (Optional): (818) 688-4051
E-MAIL ADDRESS (Optional): kris@peeralilaw.com
ATTORNEY FOR (Name): Claudia Valenzuela

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: Claudia Valenzuela

DEFENDANT: COSTCO WHOLESALE CORPORATION; LOUIS PARKER

[x] DOES 1 TO 50 Inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

[ ] **AMENDED *(Number):***

**Type *(check all that apply):***

[ ] **MOTOR VEHICLE** [x] **OTHER *(specify):***

[ ] **Property Damage** [ ] **Wrongful Death**

[x] **Personal Injury** [ ] **Other Damages *(specify):***

**Jurisdiction** *(check all that apply):*

[ ] **ACTION IS A LIMITED CIVIL CASE**

Amount demanded [ ] does not exceed $10,000

[ ] exceeds $10,000, but does not exceed $25,000

[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**

[ ] **ACTION IS RECLASSIFIED by this amended complaint**

[ ] **from limited to unlimited**

[ ] **from unlimited to limited**

CASE NUMBER:

22STCV22758

1. **Plaintiff** *(name or names):* Claudia Valenzuela

alleges causes of action against **defendant** *(name or names):*
COSTCO WHOLESALE CORPORATION; LOUIS PARKER

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult

a. [ ] **except** plaintiff *(name):*

(1) [ ] a corporation qualified to do business in California

(2) [ ] an unincorporated entity *(describe):*

(3) [ ] a public entity *(describe):*

(4) [ ] a minor [ ] an adult

(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

(b) [ ] other *(specify):*

(5) [ ] other *(specify):*

b. [ ] **except** plaintiff *(name):*

(1) [ ] a corporation qualified to do business in California

(2) [ ] an unincorporated entity *(describe):*

(3) [ ] a public entity *(describe):*

(4) [ ] a minor [ ] an adult

(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

(b) [ ] other *(specify):*

(5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE: Valenzuela v. Costco Wholesale Corporation, et al. | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. [x] **except** defendant *(name):* Costco Wholesale
 (1) [ ] a business organization, form unknown
 (2) [x] a corporation
 (3) [ ] an unincorporated entity *(describe):*
 (4) [ ] a public entity *(describe):*
 (5) [ ] other *(specify):*

b. [ ] **except** defendant *(name):*
 (1) [ ] a business organization, form unknown
 (2) [ ] a corporation
 (3) [ ] an unincorporated entity *(describe):*
 (4) [ ] a public entity *(describe):*
 (5) [ ] other *(specify):*

c. [ ] **except** defendant *(name):*
 (1) [ ] a business organization, form unknown
 (2) [ ] a corporation
 (3) [ ] an unincorporated entity *(describe):*
 (4) [ ] a public entity *(describe):*
 (5) [ ] other *(specify):*

d. [ ] **except** defendant *(name):*
 (1) [ ] a business organization, form unknown
 (2) [ ] a corporation
 (3) [ ] an unincorporated entity *(describe):*
 (4) [ ] a public entity *(describe):*
 (5) [ ] other *(specify):*

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. [x] Doe defendants *(specify Doe numbers):* 1-25 were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. [x] Doe defendants *(specify Doe numbers):* 26-50 are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

a. [ ] at least one defendant now resides in its jurisdictional area.

b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

c. [x] injury to person or damage to personal property occurred in its jurisdictional area.

d. [ ] other *(specify):*

9. [ ] Plaintiff is required to comply with a claims statute, **and**

a. [ ] has complied with applicable claims statutes, **or**

b. [ ] is excused from complying because *(specify):*

| SHORT TITLE: Valenzuela v. Costco Wholesale Corporation, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   - a. [ ] Motor Vehicle
   - b. [x] General Negligence
   - c. [ ] Intentional Tort
   - d. [ ] Products Liability
   - e. [x] Premises Liability
   - f. [ ] Other *(specify)*:

11. Plaintiff has suffered
   - a. [x] wage loss
   - b. [ ] loss of use of property
   - c. [x] hospital and medical expenses
   - d. [x] general damage
   - e. [x] property damage
   - f. [x] loss of earning capacity
   - g. [x] other damage *(specify)*: Emotional Distress; Pre and Post Judgment Interest

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   - a. [ ] listed in Attachment 12.
   - b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   - a. (1) [x] compensatory damages
     (2) [ ] punitive damages
     The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
     (1) [x] according to proof
     (2) [ ] in the amount of: $

15. [ ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: July 14, 2022

Kristopher L. Peerali
(TYPE OR PRINT NAME)

*Kristopher Peerali*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE: Valenzuela v. Costco Wholesale Corporation, et al. | CASE NUMBER: |
|---|---|

FIRST (number) **CAUSE OF ACTION—General Negligence** Page 4

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Claudia Valenzuela

alleges that defendant *(name)*: COSTCO WHOLESALE and LOUIS PARKER

[x] Does 1 to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: July 18, 2020

at *(place)*: 17550 CASTLETON ST CITY OF INDUSTRY, CA 91748-1701

*(description of reasons for liability)*:
DEFENDANTS NEGLIGENTLY, CARELESSLY AND RECKLESSLY OWNED, ENTRUSTED, MANAGED AND MAINTAINED THEIR PREMISES SO AS TO ALLOW A DANGEROUS CONDITION TO EXIST, SPECIFICALLY A SUBSTANCE ON THE FLOOR IN A PRIMARY WALKWAY. AS A RESULT PLAINTIFF SLIPPED AND FELL SUSTAINING DAMAGES AND PHYSICAL INJURIES AS ALLEGED HEREIN.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

PLD-PI-001(4)

| SHORT TITLE: Valenzuela v. Costco Wholesale, et al. | CASE NUMBER: |
|---|---|

SECOND (number) **CAUSE OF ACTION—Premises Liability** Page 5

ATTACHMENT TO [x] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. *(name):* Claudia Valenzuela

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date)*: July 18, 2020 plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury)*:
DEFENDANTS NEGLIGENTLY, CARELESSLY AND RECKLESSLY OWNED, ENTRUSTED, MANAGED AND MAINTAINED THEIR PREMISES SO AS TO ALLOW A DANGEROUS CONDITION TO EXIST, SPECIFICALLY A SUBSTANCE ON THE FLOOR IN A PRIMARY WALKWAY. AS A RESULT PLAINTIFF SLIPPED AND FELL SUSTAINING DAMAGES AND PHYSICAL INJURIES AS ALLEGED HEREIN.

Prem.L-2. [x] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
COSTCO WHOLESALE; LOUIS PARKER AND

[x] Does 1 to 50

Prem.L-3. [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*:

[ ] Does ______ to ______

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4. [ ] ***Count Three—Dangerous Condition of Public Property*** *The defendants who owned public property on which a dangerous condition existed were (names):*

[ ] Does ______ to ______

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [x] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:
COSTCO WHOLESALE; LOUIS PARKER; AND

[x] Does 1 to 50

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [ ] as follows *(names)*:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California PLD-PI-001(4) [Rev. January 1, 2007]

CAUSE OF ACTION—Premises Liability

Code of Civil Procedure, § 425.12
www.courts.ca.gov

# EXHIBIT B



10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Tel: 310.312.3300
Fax: 310.882.5444
www.jacobyandmeyers.com

Attorney Email Address:
gcurry@jacobyandmeyers.com

March 23, 2021

**VIA FACSIMILE**

Gallagher Bassett
Attn: ARTHUR J GALLAG
Facsimile: (636) 477-2921

Our Client : Claudia Valenzuela
Your Insured : COSTCO WHOLESALE
Claim Number : 003632586955GB01
Date of Loss : 7/18/2020
File Number : 204011

Dear Claims Adjuster:

As you are aware, our office represents Claudia Valenzuela who has a claim for personal injuries against your insured arising out of a personal injury incident which took place on 7/18/2020. Please accept this letter as a settlement demand concerning the above-referenced matter. Enclosed herein please find any and all medical records and billings concerning the injuries sustained by our client. Any and all statements made in this settlement demand are for the sole and exclusive purpose of settlement**. (California Evidence Code §1152)**

## FACTUAL BACKGROUND

This action arises out of a personal injury incident which took place on inside your insured's business premises located at City of Industry, CA 91748. At that time and place, Claudia Valenzuela was walking and suddenly and unexpectedly she came in contact with a dangerous condition, causing her to slip and fall.

**Plaintiff was shopping inside your insured's business premises. Without any forewarning, she came into contact with a clear liquid on the floor, slipped, and fell directly onto her buttocks. Plaintiff had no prior injuires. She sustained serious back injuries due to the fall.**

**Please note, there were no warning signs, cones or any indication that this**

**dangerous condition existed on your insured's business premises. Furthermore, the area where the dangerous condition was located was a primary walkway and your insured had a duty to provide adequate warning of the dangerous condition. Based on California Case Law, your insured also had an affirmative duty to conduct reasonable inspections to discover, remedy and warn of this dangerous condition.**

Following this personal injury incident, Claudia Valenzuela immediately received medical treatment.

Attached hereto are the following Exhibits:

| **Number** | **Description** |
|---|---|
| 1. | COVID-19 Protection for Policyholders from Unfair Settlement Practices |
| 2. | Medical Billing and Records for Claudia Valenzuela |

a. Healthcare Partners Medical
b. AV Family Chiropractic Inc.
c. United Medical Imaging Healthcare
d. Cal Back and Pain Specialists
e. Onsyte Imaging
f. Nova Surgical

## I. LIABILITY

Based upon our evaluation and investigation of this matter, it is apparent that your insured was 100% responsible in causing the subject incident by failing to properly inspect their business premises, remedy and/or warn of the dangerous condition that caused my client to slip and fall. Your insured failed to take affirmative steps to alleviate the dangerous condition and violated their duty to maintain their business premises in a safe and reasonable manner.

The rule is well stated in **California Civil Code §1714** and cited by **Rowland v. Christian** (1968) 69 Cal.2d 108, wherein the court states in pertinent part:

> **"Everyone is responsible, not only for their willful acts, but also for injury occasioned to another by his want of ordinary care or skill in the management of his property."**

This California Civil Code violation raises a presumption of negligence under **California Evidence Code §669** which provides;

> **(a) The failure of a person to exercise due care is presumed if:**
>
> **(1) He violated a statute, ordinance, or regulation of a public entity;**

**(2) The violation proximately caused death or injury to person or property;**

**(3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and**

**(4) The person suffering the death or injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.**

Our client was in the class of persons this statute was designed to protect. **California Civil Code §1714(a)** was designed to hold individuals liable for the results of their negligence.

The injuries suffered by Claudia Valenzuela are of the type this statute was designed to prevent. Our client suffered personal injuries as a direct and proximate result of the violation of this California Civil Code section.

The standard California Jury Instruction provides that if you decide that the defendant violated this law and that the violation was a substantial factor in bringing about the harm, then you must find that the defendant was negligent [unless you also find that the violation was excused]. If you find that the defendant did not violate this law or that the violation was not a substantial factor in bringing about the harm [or if you find the violation was excused], then you must still decide whether the defendant was negligent in light of the other instructions. **(CACI 418.) (See Evidence Code §669.)** Therefore, a prima facie case of negligence has been established in this matter.

California cases have time and again awarded damages for injuries caused on business premises due to having actual notice or constructive notice of a dangerous or defective condition, or in the alternative, by failing to make adequate inspections. **Bridgman v. Safeway Stores** (1960) 53 Cal.2d 443, **Frazier v. Your-Way Market, Inc.** (1960) 185 Cal.App.2d 390.

The frequency of inspections and the time intervals between such inspections is an important consideration. As an example, it has been held that a lack of inspection for a 15 minute period of time may be sufficient to infer negligence. **Hale v. Safeway Stores** (1954) 129 Cal.App.2d 124. Other examples include **Scanton v. W.G. Graham Co.** (1959) 172 Cal.App.2d 89 (patron stepped on a spool of thread - no inspection for a period of 20 minutes), **Lewis v. Hackstrom Food Stores, Inc.** (1947) 87 Cal.App.2d 601 (patron slipped in a pool of syrup - no inspection for between 15 to 25 minutes).

Addressing the issue of actual/and or constructive notice of the dangerous condition is a recent California Supreme Court decision of ***Ortega v. K-Mart Corporation***. The Court in **Ortega** concluded that evidence of the business owner's failure to inspect the business premises within a reasonable period of time is sufficient to allow an inference that the condition was on the floor long enough to give the owner the opportunity to discover and remedy it. ***(Bridgmen v. Safeway Stores Incorporated),*** (1960)***, 53 Cal.2nd 443.*** The **Ortega Court** in defining the exercise of

ordinary care by making reasonable inspections of the portions of the premises open to customers focused on the type of business and service being provided to its customers. The **Ortega Court** further stated, if the owner operates a self service grocery store, where customers are invited to inspect, remove, and replace goods on shelves, **"the exercise of ordinary care may require the owner to take greater precautions and make more frequent inspections then would otherwise be needed to safeguard against the possibility that such a customer will create a dangerous condition by disarranging the merchandise",** and creating potentially hazardous conditions.

The **Ortega Court** concluded that a plaintiff need not show actual knowledge where evidence suggest that a dangerous condition was present for a sufficient period of time to charge the owner with the constructive knowledge of its existence. Knowledge may be shown by **circumstantial evidence** "which is nothing more than one or more inferences which may be set to arise reasonably from a series of proven facts".

The **Ortega Court** further opined that a plaintiff may demonstrate the store keeper had constructive notice of the dangerous condition if they can show that the site had not been inspected within a reasonable period of time so that a person exercising due care would have discovered and corrected the hazzard. **(Citing Bridgmen, supra, 53 Cal. 2nd 447).** If the plaintiffs can show an inspection was not made within a particular period of time prior to the accident, they may raise an inference the condition did exist long enough for the owner to have discovered it.

**The evidence clearly demonstrates your insured failed to adequately inspect their aisles or the surrounding area, post warning signs and/or remedy the dangerous condition. Based on the Ortega decision, knowledge of the dangerous condition will be established in this matter.**

In light of the above facts and law, it is clear that your insured did not exercise ordinary care in the management of their premises. Furthermore, your insured's failure to use ordinary care in the management of their premises is the direct and proximate cause of the personal injuries to Claudia Valenzuela's body.

Therefore, this settlement demand is based on our firm belief of no comparative fault on behalf of our client.

## II. CAUSATION

Likewise, a jury would receive instruction on the necessary relationship between the negligence and the injury. This relationship is slight and the bar is quite low to meet for our Client. It will easily be met here. As a result, the jury will receive very special instructions which make it easy - and mandatory - that they find causation.

***Civil Jury Instructions, CACI 430, Causation: Substantial Factor***:

> A substantial factor in causing harm is a factor that a reasonable person would consider to have **contributed to the harm**. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

The substantial factor standard is a relatively broad one, requiring only that the contribution of the individual be more than a negligible or theoretical cause. ***Bockrath v Aldrich Chemical Co.*** **(1999) 21 Cal.4th 71, 79.** As you can see above, all that a jury must find is that the Defendant's decision "contributed" to the harm suffered by my client. It is undisputable that a jury would come to such a conclusion under these circumstances.

## III. INJURIES/DAMAGES

The following is a detailed itemization of our Client's injuries and medical expenses:

- **DIAGNOSIS**
  - **Plaintiff was pushing a shopping cart when she unexpectedly came into contact with liquid on the floor. Plaintiff slipped and fell with her right leg forwards striking the shopping cart and her left leg backwards. She fell on her buttocks and reported neck, back, right leg, and right hip pain following the accident. Plaintiff had to miss work due to the injection she received to her lumbar spine. It should be noted that plaintiff received alternate treatment due to the COVID-19 pandemic.**
  - **Lumbar spine**
    - **Lumbar radiculitis**
    - **L5/S1: 3.6mm broad-based seen impressing upon the anterior portion of the thecal sac with bilateral neural foraminal stenosis**
    - **L4/5: 3.4mm broad-based disc protrusion seen with a subtle right lateral annular tear impressin upon the anterior portion of the thecal sac with bilateral lateral spinal and neural foraminal stenosis, disc is impressing upon the exiting bilateral L4 nerve roots**
    - **Loss of intervertebral disc height and disc desiccation change seen at the L1/2 and L4 though the S1 levels**
    - **Grade 1 anterolisthesis seen at the L4/5 measuring 3.4mm**
    - **Lumbar facet arthropathy**
    - **Lumbar facet joint syndrome**
    - **Loss of lumbar lordosis**
    - **Lumbar sprain/strain**
  - **Cervical spine**
    - **C5/6: 2.8mm broad-based disc protrusion seen impressing upon the anterior portion of the thecal sac with bilateral neural foraminal stenosis**
    - **Loss of intervertebral disc height and disc desiccation change seen at the C5/6 and T2/3 levels**
    - **Straightening of the normal cervical lordosis**

- **Sprain/strain**
- **Left leg contusion**
- **Anterior shin bruise**
- **Neck pain which radiates to bilateral shoulder and bilateral upper extremities**
- **Low back pain which radiates into bilateral buttocks and thighs and bilateral feet**
- Whiplash
- Thoracic sprain/strain
- Bilateral shoulder pain
- Back pain
- Headaches
- Mid back pain
- Neck pain
- Shortness of breath
- Chest tightness
- Anxiety

- **Procedures**
  - On September 21, 2020, Ms. Claudia Valenzuela underwent a left epidural steroid injection at L4/5 and L5/S1 and lumbar facet injection at L4/5 and L5/S1, performed by Nitesh Patel, M.D. at Nova Surgical Institute.

- **Past Medical Expenses/Bills**

| | |
|---|---|
| (1) Healthcare Partners Medical | $6,300.00 |
| (2) AV Family Chiropractic Inc. | $2,325.00 |
| (3) United Medical Imaging Healthcare | $520.00 |
| (4) Cal Back and Pain Specialists | $9,100.00 |
| (5) Onyste Imaging | $3,900.00 |
| (6) Nova Surgical | $7,195.00 |
| **Total Past Medical Bills** | **$29,340.00** |
| • **Past Pain and Suffering** | **$90,000.00** |
| • **Future Pain and Suffering** | **$30,000.00** |
| • **Loss of Earnings** | ***(Pending)*** |
| **Total Damages Suffered by Claudia Valenzuela** | **$149,340.00** ***(Not a final amount)*** |

## IV. <u>IMPACT ON LIFE</u>

Since the accident, our Client's physical limitations and pain have changed her life in a profound manner. Our Client has had trouble sleeping, exercising, performing household chores, and above all making a living for herself. In sum, our Client has had an abysmal outcome as a result of this accident and she continues to endure one of the most grueling, frustrating and emotionally draining periods of her life.

## V. <u>SETTLEMENT DEMAND</u>

Based upon the foregoing outline of general and special damages, demand is hereby made on behalf of our client for full and final settlement of his claims relating to the injuries he sustained on 7/18/2020 in the amount of **<u>$130,000.00</u>**, or your insured's policy limit should it be insufficient to satisfy said demand. Payment would be in exchange for a full release of all claims and potential claims against your insured arising out of this case by our Client.

## VI. <u>CONCLUSION</u>

Our offer of settlement as set forth herein shall remain open until **<u>April 6, 2020,</u>** at which time it will be withdrawn and not renewed. In the meantime, we request that you provide a copy of this letter to your insured post haste and advise your insured of their right to secure their own outside counsel.

Many thanks in advance for your anticipated cooperation.

Very truly yours,
Jacoby & Meyers Attorneys LLP

*/s/*
Sophia Suon on behalf of
Greta Curry
Attorney at Law

Enclosures

cc: file

# EXHIBIT C

JOHN K. FLOCK ESQ. (SBN 200183)
THARPE & HOWELL, LLP
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax
Email: jflock@tharpe-howell.com

Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

CLAUDIA VALENZUELA, an individual,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation; LOUIS PARKER; and DOES 1 through 50,

Defendants.

Case No. 22STCV22758

**NOTICE OF REMOVALTO FEDERAL COURT**

TO PLAINTIFF CLAUDIA VALENZUELA AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") has filed a Notice of Removal of this action in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1332, 1334, 1441, 1446, and 1452, and as otherwise provided by law.

A true and correct copy of said Notice of Removal is attached to this notice and incorporated herein by this reference as Exhibit "A", and is served and filed herewith.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Dated: August 8, 2022

THARPE & HOWELL, LLP

By: ______________________________
JOHN K. FLOCK
Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVALTO FEDERAL COURT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Kristopher Peerali, Esq.<br>PEERALI LAW<br>3575 Cahuenga Blvd., Suite 480<br>Los Angeles, CA 90068<br>(818) 688-4050; Fax (818) 688-4051<br>kris@peeralilaw.com | Attorneys for Plaintiff<br>Claudia Valenzuela |
|---|---|

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ___ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

(1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ___ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. **X** **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): see below*

[ x ] (FEDERAL): I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| 8/08/2022 | Candice VanDeudekom | */s/ Candice VanDeudekom* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32967\Pleadings\FEDERAL\Notice of Removal.docx

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

1.  At the time of service I was at least 18 years of age and **not a party to this legal action.**

4

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

5

6

3.  I served copies of the following documents (specify the exact title of each document served):

7

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

8

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

9

| | |
|---|---|
| Kristopher Peerali, Esq.<br>PEERALI LAW<br>3575 Cahuenga Blvd., Suite 480<br>Los Angeles, CA 90068<br>(818) 688-4050; Fax (818) 688-4051<br>kris@peeralilaw.com | Attorneys for Plaintiff<br>Claudia Valenzuela |

10

11

12

13

14

5.  a.  ___  **By personal service**.  I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

15

16

17

18

19

20

b.  ___  **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

21

22

(1)  ___  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

23

24

(2)  ___  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

25

26

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ___ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ___ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. **X** **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date): see below*

[ x ] (FEDERAL): I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| 8/08/2022 | Candice VanDeudekom | */s/ Candice VanDeudekom* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32967\Pleadings\FEDERAL\Notice of Removal.docx